UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

DAIRON ESTIVEN OCHOA YEPES,

Petitioner,

v.

RUBEN LEYVA, Field Office Director of Enforcement and Removal Operations, Salt Lake City Field Office, Immigration and Customs Enforcement; KENNETH PORTER, Acting Director of the Boise U.S. Immigration and Customs Enforcement Field Sub-Office, MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; TODD BLANCHE, U.S. Attorney General; MIKE HOLLINGSHEAD, Sheriff of Elmore County,

Respondents.

Case No. 1:26-cv-00299-DCN

**ORDER**

Before the Court is Petitioner Dairon Ochoa Yepes's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkt. 1) and Motion for Temporary Restraining Order (Dkt. 2).

Ochoa Yepes is a Columbian national who has lived in the United States since his entry without inspection in 2022 and is currently awaiting asylum proceedings. Dkt. 1, at

1–2. Ochoa Yepes was recently detained by ICE and is currently being held at the Elmore County Detention Center in Mountain Home, Idaho, pursuant to the Department of Homeland Security's ("DHS") authority.

Ochoa Yepes contends his detention is unlawful because DHS and the Executive Office of Immigration Review have determined he is subject to mandatory detention without the possibility of bond under 8 U.S.C. § 1225(b)(2)(A).

Having considered the Petition, the Court finds Ochoa Yepes may be entitled to relief. The Court will, therefore, order Respondents to respond to the petition in accordance with the instructions set forth below. *See Danforth v. Minnesota*, 552 U.S. 264, 278 (2008) (court may adjust habeas procedures based on "equitable and prudential considerations").

All district judges in the District of Idaho have explained their disagreement with DHS's interpretation of § 1225. The District's collective analysis is consistent with the *majority* of courts throughout the Country.[1]

The Court does not intend to alter its analysis unless or until a *binding* court orders otherwise. Thus, the Court anticipates granting Ochoa Yepes's Petition and releasing him. However, the Court maintains that justice is best served by allowing the Government an opportunity to respond and explain why this case should result in a different outcome.

Again, however, the Court *does not need* extensive briefing on the interplay between § 1225 and § 1226. It knows the parties' positions. Thus, a statement or summary paragraph

[1] While there are cases that have reached an opposite conclusion, the Court has explained why it disagrees with those decisions. *See, e.g.*, "Memorandum Decision and Order," Dkt. 11, Case No. 1:26-cv-00190-DCN. In any event, those opposing cases are not binding on this Court.

on that matter will suffice. The parties should, instead, focus their briefs on the specific facts of *this* case.

**ORDER**

**IT IS ORDERED that:**

1. Respondents shall file a response to the Petition for Writ of Habeas Corpus (Dkt. 1) and Motion for Temporary Restraining Order (Dkt. 2) no later than **May 22, 2026**.

2. Petitioner shall have an opportunity to reply no later than **May 27, 2026**.

3. Service of the Petition, Motion for Temporary Restraining Order, and this Order shall be made by Petitioner on the United States Attorney for the District of Idaho by **May 19, 2026**, and shall constitute good and sufficient service.

4. To further expedite adjudication of this matter, the Clerk of Court is directed to promptly provide a copy of the Petition and this Order to the United States Attorney's Office for the District of Idaho via email at USAID.HabeasPetitions@usdoj.gov. The Clerk shall also serve a copy of the Petition, Motion for Temporary Restraining Order, and this Order upon Respondents by certified mail.

5. To preserve the status quo, and pursuant to the All Writs Act, 28 U.S.C. § 1651, Petitioner may not be removed from the United States or the District of Idaho until further order of the Court.

6. To further preserve the status quo, and protect the Petitioner's right to continued access to counsel, during the briefing and hearing process and until the Court can issue a decision, Respondents may not engage in activities or communications with the

Petitioner in an effort to secure the abandonment of his rights in this action or regarding his rights in removal proceedings, without the presence of counsel.

DATED: May 18, 2026

David C. Nye
U.S. District Court Judge