UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DAIRON ESTIVEN OCHOA YEPES, | |
| Petitioner, | Case No. 1:26-cv-00299-DCN |
| v. | **MEMORANDUM DECISION AND ORDER** |
| RUBEN LEYVA, Field Office Director of Enforcement and Removal Operations, Salt Lake City Field Office, Immigration and Customs Enforcement; KENNETH PORTER, Acting Director of the Boise U.S. Immigration and Customs Enforcement Field Sub-Office, MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; TODD BLANCHE, U.S. Attorney General; MIKE HOLLINGSHEAD, Sheriff of Elmore County, | |
| Respondents. | |

## I. INTRODUCTION

Before the Court is Petitioner Dairon Ochoa Yepes's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkt. 1) and Motion for Temporary Restraining Order (Dkt. 2). The Court expedited briefing on the matters. Dkt. 5. The Government opposes Ochoa Yepes's Petition. Dkt. 7.  Upon review, and for the reasons set forth below, the Court GRANTS Ochoa Yepes's Petition and denies the Motion for Temporary Restraining Order as MOOT.

MEMORANDUM DECISION AND ORDER - 1

## II. BACKGROUND

Ochoa Yepes is a Columbian national who has lived in the United States since he entered without inspection in 2022. Dkt. 1, at 1–2. When he presented at the border, Ochoa Yepes was arrested and then released into the United States on his own recognizance with a notice to appear for asylum proceedings. Ochoa Yepes was recently detained by ICE and is being held at the Elmore County Detention Center in Mountain Home, Idaho, pursuant to the Department of Homeland Security's ("DHS") authority.

Ochoa Yepes contends his detention is unlawful because DHS and the Executive Office of Immigration Review have determined he is subject to mandatory detention without the possibility of bond under 8 U.S.C. § 1225(b)(2)(A).

## III. LEGAL STANDARD

The Constitution guarantees every person in the United States due process of law, including persons who are not United States citizens. *E.g.*, *Lopez v. Heinauer*, 332 F.3d 507, 512 (8th Cir. 2003) ("The Supreme Court has long recognized that deportable aliens are entitled to constitutional protections of due process." (citing *Yamataya v. Fisher*, 189 U.S. 86, 100–01 (1903))); *see also Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

Habeas proceedings provide a forum to challenge the legality of confinement. *Crawford v. Bell*, 599 F.2d 890, 891 (9th Cir. 1979); *see also Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).

## IV. DISCUSSION

Ochoa Yepes's Petition represents one of many habeas cases in the District of Idaho. All District Judges in this District agree DHS's position regarding the interplay between 8

MEMORANDUM DECISION AND ORDER - 2

U.S.C. §§ 1226(a) and 1225(b)(2), and the associated bond provisions, is erroneous. S*ee, e.g.*, *Quijada Cordoba v. Knight*, No. 1:25-cv-00605-BLW, 2025 WL 3228945 (D. Idaho Nov. 19, 2025); *Guadarrama Ayala v. Henkey*, No. 1-25-CV-00682-AKB, 2025 WL 3754138 (D. Idaho Dec. 29, 2025); *Artega v Leyva,* 1:26-CV-00236-DCN, 2026 WL 1283869 (D. Idaho May 11, 2026). The Court will not repeat that analysis here as it is well known at this point. The Government maintains its standing objection to the Court's holding. Dkt. 7, at 2. The objection is noted and overruled.

Other than maintaining its prior position, the Government does little to suggest the outcome in this case should differ from what the Court has done in other cases. In fact, the Government acknowledges this case "presents no complicating feature from those previously filed petitions for habeas corpus relief wherein the Court has ordered release." Dkt. 7, at 1–2. The Court appreciates the Government's candor. And the Court agrees. Ochoa Yepes has zero criminal history and there is no evidence suggesting the Court need deviate from what has become its standard operating procedure.

Now, the Government does ask that the Court refrain from releasing Ochoa Yepes outright, insisting he remain in custody subject to DHS's determination concerning potential charges and a bond hearing. But, as Ochoa Yepes points out, this approach is backwards. Ochoa Yepes should remain at liberty and be taken into custody only *after* a determination that his parole status in the United States has been rescinded or revoked or he has otherwise been charged with committing some crime. Moreover, as previously explained, *see Artega,* 2026 WL 1283869, at *2, the Court is not confident in the fairness and efficacy of bond hearings at this time.  Accordingly, the Court grants Ochoa Yepes's

MEMORANDUM DECISION AND ORDER - 3

Petition and orders his immediate release from custody.

## V. ORDER

1. Ochoa Yepes's Petition for Writ of Habeas Corpus (Dkt. 1) is GRANTED.

2. Ochoa Yepes's Motion for Temporary Restraining Order (Dkt. 2) is DENIED AS MOOT.

DATED: May 28, 2026

_____
David C. Nye
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 4